Good morning, Your Honor. Christopher Prince for EVOQ Properties, Inc., formerly Meruelo Maddox Properties, Inc. I'd like to reserve five minutes of my time for rebuttal, if I may. I'll help you with the clock. Go ahead. Thank you. I appreciate that, Your Honor. Technically, my client is the appellant because we're appealing from a decision of the Bankruptcy Appellate Panel, but substantively, it's actually a little bit more like we're the respondent. My client prevailed in the trial court, the Bankruptcy Court, sustaining our objection to Mr. Meruelo's claim for severance. And so the question for the panel is, is there any error of the Bankruptcy Court that would require overturning? And it's not my burden, of course, to show that everything is correct. But in this case, I believe Mr. Meruelo's error. Counsel, can you help me a little bit with the record? It looked to me at the start of the hearing that counsel for, not Mr. Meruelo, but Mr. Maddox, is that correct? That is correct. Stipulated that these were administrative claims. Mr. Meruelo was there apparently representing himself, did not disagree or rise. He neither joined in it nor objected to it. But it looked to me like the court was essentially assured that this is an administrative claim and that's what we're here to adjudicate. And nobody disabused the court of that notion. So I think in some ways, well, first of all, let me address the direct point, which is it was counsel for Mr. Maddox, Mr. Shimano, who appeared, Mr. Meruelo was appearing pro se throughout the proceedings. But it was essentially riding on the coattails of the arguments that were being made on behalf of Mr. Maddox, was he not? That is correct. And he filed papers, I think at the very end of the papers that he filed, said something to the effect of, I adopt anything. Me too, I join in what he said, basically. Anything Mr. Maddox is going to say, I. But whether there were unsecured claims or administrative claims, I appreciate that there was a different standard that's applied. But these are all going to be paid at 100%. So there wasn't a concern about priorities, right? That's correct. And what I was going to say in response to the first question is actually the way that it played out was they were filed as administrative claims. The court discussed them as administrative claims. Mr. Shimano, representing Mr. Maddox, actually got up and said, no, no, no, no, I don't want these to be considered. Well, he said it doesn't matter. He said you can call them this or you can call them that. That's what he said, right? That's correct. And he was doing that because the burden for an administrative claim is higher and he's trying to get away from that. He wants them to be considered as unsecured claims. Right, right. But that's one of my problems. If the court, if the bankruptcy court, let's say the bankruptcy court applied the wrong standard. If so, she said it didn't meet the lower standard. That's correct, Your Honor. She was, well, there's two things. There is a substantive issue, a substantive state law right, which you have to establish first. You can't just walk into court and say, I'm entitled to an unsecured claim. I'm entitled to an administrative claim. You have to say, I'm entitled to a claim based on breach of contract or a tort or some sort of substantive right. Right. So the question presented to the BAP, right, was whether the bankruptcy court erred by denying Mr. Merlo's claim for severance. That's correct. Either because he was entitled to it under the employment agreement or by quantum merit. That's correct. Did the BAP ever answer that question? BAP did not. And again, this was not briefed and it was sort of sprung on me at oral arguments, so it was not an opportunity to really respond to it until briefing here before this court. But the BAP went straight to the issue of perceiving that the bankruptcy court had not applied the administrative standard. I've gone through in the briefing why there are so many problems with that, but it begs the question of, is there any error on the substantive state law right? She found there, she made explicit findings. There's no employment agreement. That's not in place. Can I go back to your answer to Judge Crispin's first question? So the standard that the bankruptcy court did apply was an easier, you're saying it was an easier standard for the creditor, Mr. Merlo, to meet than the administrative expense standard would have been? It would have been easier. I don't believe that the bankruptcy court actually ever reached that. So if we... No, no, I understand. I'm just asking you. I mean, it's reasonableness as opposed to actual and necessary reasonableness is an easier standard to meet. That's correct, Your Honor. And he didn't meet it. And he didn't meet it. So, well, we never even reached that question because there was never any claim established. Well, that goes to the other point, but these are two different, and we're going to have a third one too in a minute. But the first problem is you think there was a threshold question about whether he had a right to severance, period, under state law. And I don't think the BAP ever answered that question. But we could say that the BAP impliedly did because it reached this issue that we're just talking about. But that would be not an applied affirmance. It would be an implied reversal. It would be. It would not make any sense to... It would be unusual. It would be, I think, impossible to impliedly find that... Well, we've seen a lot of things, so I don't want to rule it out. In any event, for this court, it doesn't matter because the BAP's decision is sort of persuasive. It has no binding legal impact on this panel. You review the Bankruptcy Court, they know it. Well, but they are experts and we're trying to unravel. That's true. And so, okay. So I don't lightly set aside their ruling, but looking at it carefully, and it seems to me they didn't reach that question. They did not reach that question. So then I ask myself, why did they think they didn't need to? Do you have an answer to that question? My best guess is that because the court got hung up on the issue of administrative... Versus unsecured. Versus unsecured, it just kind of got in a loop. And again, because... Again, the decision doesn't make any sense because if you were to apply the administrative standard, the next section below says it can't be allowed in any case. Okay. So what if we got to that point? Let's just pretend, because I want to get to the third problem I have with this, which is that... What about 503C? Yeah. Well, Your Honor, I think, again, because this was never... No, but did anybody address 503C, which it got in the administrative claim? No one addressed it because it was a $0.10 case, so there's no point. Everyone, the bankruptcy court, Mr. Shimano and I, we all recognized that talking about administrative versus unsecured was pointless. It's a $0.10 case. Why would you bother to go to the administrative, the higher, more difficult, actual necessary standard when it would just loop you back to the unsecured? The argument seems to be going pretty well for you thus far, but the argument is young and there's time, so you might want to save some time, but before we do that, could I just ask you, what do you want us to do? What relief are you looking for? Well, I think in this case, because the appellee who is really more like the appellant has not identified any error, I think this should be affirmed. The BAP thought that I identified an error, which I think is, Your Honors have seen, is incorrect. There is no, the steps that the bankruptcy court, the bankruptcy court identified at the beginning of the argument exactly what she was going to do, which is she was going to evaluate, is there a contract? If there's not a contract, is it allowable under quantum merit? And if it's allowable under either of those, is it reasonable under 502? And she found that she never had to reach the secondary step because they weren't entitled to it. The employment agreement had obviously been allowed to expire to avoid severance. It was not reasonable under the circumstances. It just, she very easily distinguished the quantum merit cases like the taxi cab company case. Well, she said he didn't introduce any evidence. There's nothing in the record from which I can even make a quantum merit. Exactly, Your Honor. And on top of that, absolutely no evidence whatsoever that any particular amount of money, Mr. Shimano on behalf of Mr. Maddox tried to kind of save at the end and say, well, if Your Honor doesn't like two million, how about something? I understand why you want us to affirm the bankruptcy court or the bankruptcy appellate panel, but why shouldn't we just send this back and say that the bankruptcy court's ruling was correct based on what was presented to it? Well, that's what I want, Your Honor. I'm representing the party that would like to see no severance. So yes, I think that you should send it back to the bankruptcy court and say the bankruptcy court was correct. What about jurisdiction? Before we do that, though, before we talk about jurisdiction, let me ask you, what would happen on remand? I don't think anything would happen on your remand, Your Honor. I think it should be affirmed. It meaning the bankruptcy court, not the bankruptcy court. We should just uphold the bankruptcy court's ruling and that will be the end of it. If the, my issue with the BAP ruling is I have no idea what would happen on remand if you were to uphold the BAP because... Well, the remand I have in mind would give, it would not be for further proceedings not inconsistent with this opinion. It would be with directions to reinstate the judgment of the bankruptcy court. That's correct, Your Honor. So that it's very clear to the BAP what it is that we're doing. That's correct. Why shouldn't we send it back to the BAP and ask the BAP to give the parties a chance to litigate what you said you didn't have a chance to litigate? And that would include 503. I'm I think you still, if I may be so presumptuous to say what your jobs are, Your Honor, but I believe that the, the role of this panel is to review the bankruptcy court's decision anew without regards and I... Well, that's the standard. That's the standard. And I very much appreciate your saying they are experts, but we are here before you now and if there's no error, there's nothing further for you to do other than to uphold the bankruptcy court's ruling. Well, after all, you do have four minutes left. So when you say there's no error, I don't think the BAP reached the threshold question at all. No, they did not. So one thing we could do, for example, is to remand to have the BAP take a look at that question because after all, the bankruptcy judge reached it and she said there's no contract here. But you're a court of error, Your Honor. I know that, counsel. So do you want to discuss jurisdiction? You don't want to discuss this with a question, I don't blame you, but... I'd be happy to. You want to talk about jurisdiction because opposing counsel does. I think if you're referring to the jurisdiction because there was a remand from the BAP and so the question is, does this court have jurisdiction? Given the nature of what the BAP said in that it is essentially impossible for the bankruptcy court to accept the BAP's remand at face value and do anything with it, this is, this court has jurisdiction in, has discretion in situations such as this to exercise this jurisdiction. This is the textbook case. It would be complicated if it went straight back, wouldn't it? If we didn't exercise jurisdiction here, it would be very complicated because the BAP's direction is pretty unequivocal. It says this claim, which presupposes there is one, is an administrative claim and apply this standard. And so it presupposes there's a claim and then it also doesn't reach the other question with a 503B. C2. Thank you. Right? So on both ends, there would be difficult. In essence, the BAP has directed the bankruptcy court to disregard the bankruptcy code, which I don't think would be a proper remand. I'm not sure I would phrase it that way. But thank you. All right. Well, you've got three minutes left for rebuttal. Thank you, Your Honors. Amy Dominguez on behalf of the appellee Richard Meruelo. Ma'am, do you think that the BAP reached the threshold question about the entitlement to the claim? Yes, I do. Where is that, please? And that is in the discussion regarding bonus. Mr. Meruelo received a bonus. That's different, isn't it? I thought bonus is separate from severance. Well, but it is under the same provision in the employment contract that did survive the bankruptcy. That survival provision incorporates the bonus and the severance pay. So the BAP made a very important point. Well, wait a second. How could you talk about severance as if it's dead, and yet the bankruptcy court bonused him up? And I quote one of the justices. So there is a claim here. But wasn't that a pre-petition bonus? No, he received his pre-petition bonuses for 2009 and 2010. Right, and the bankruptcy was filed in 2011. The bankruptcy was filed in 2009. So the bonuses that he received, he received the 2011 and she denied. So it would have been in the same context, meaning the survival clause, section 13, which incorporated section 7 of the executive employment agreement. So if the BAP is saying, well, wait a minute. If he got a bonus, then you should have considered the severance too. It was not dead. This argument, I'm sorry. I'll ask your questions, then I'll give my own. No, you're doing a great job, and I appreciate you're focusing on the question. We obviously have a big problem with this threshold issue. So I think what you're telling me is not what they are, the BAP, articulated, but what you think is the implied ruling? Or am I missing an articulated ruling, which would help me too? The in oral argument, one of the, Mr. Prince, you know, asserted all of these arguments that he asserted here. And the BAP was very clear in rejecting those arguments because it was clear that the court, in the bankruptcy court in relevant terms here, gave him a bonus. When you say clear, you keep saying clear. Forgive me for interrupting, but clear where? Can you point to me in the record where that was rejected? The ruling, the court's ruling gave him a bonus. The bankruptcy court... Okay, and that's, what you're doing is reverse engineering, right? You're reverse engineering. You're saying that because the BAP, sorry, because the bankruptcy court gave him a bonus, the BAP must have decided something that, again, you're coming back to the BAP, impliedly overruling the bankruptcy court. I'm a little confused. Is there something in the BAP's ruling where the BAP rules on this issue? Or are you saying it's just implied or implicit or something like that in the BAP's ruling? That whether or not, I'm sorry, you're taking the question, I'm lost. The bankruptcy court said very clearly, I don't think that contract was renewed. There's no contract. The bankruptcy court ruled on that. So it would be quite unusual for the BAP to impliedly overrule. It's one thing to impliedly affirm and go on to the question of whether this is an administrative claim or an unsecured claim. But essentially, as we reviewed with the Posting Council, this would be an implied reversal of the bankruptcy court's ruling on the existence of the claim. So if you, and you keep saying it's, that the BAP clearly ruled. So where is that ruling, please? It's not that the contract is not terminated. It is terminated. It is that there are certain provisions that survive termination. Where did the BAP rule that way? I guess it is implied because the oral argument, the argument for the fact that there is a claim left to be adjudicated is demonstrated by the bonus that is given. Part of what made this case so confusing, this really is about due process. At the end of the day, this was a very complicated bankruptcy involving 53 very, very high-valued real estate. And if you see from all of the appeals that have arisen from this bankruptcy estate, this bankruptcy court really did what she wanted to do when she wanted to do it. And so part of what the BAP was trying to say here is to say, look, you must follow the rules. Well, wait a minute. The question your client appealed to the BAP was, did the bankruptcy court err in denying appellant's claim for severance? One, either because severance wasn't based, he was entitled to severance based upon the employment agreement, or two, because he was entitled to it under quantum merit. And that's the question presented as I read the record, the only question presented, and I don't see the ruling. Well, yes. The issue that if the court looks at the transcript, looks at the order of the And that's why she awarded him the bonus. I've read that transcript repeatedly. She then... Yes. But then she said, oh, but the severance is just too much, it's not reasonable. And that is the... She also said, she also addressed the contract issue, the existence of the claim under state contract law. Which we believe is wrong because the, while the contract terminated, the provision, section 13 survived. Okay, so... Which is the basis for why she gave him a bonus to begin with. Otherwise, why give him a bonus? So I'm just going to ask this one more time because I really want to get your best argument. I'm sorry. No, no, you're doing great. I'm trying to listen. I'm sure it's that I'm not articulating it correctly, but your view, and I know you know this case very, very well, is that the BAP ruled on this threshold question. And I just want, if you could tell me where in the transcript, what's the site, I will go read it again. The threshold question of, just to make sure I understand. The existence of the claim under state contract law, either contract or quantum marijuana. It was implied based on, in my opinion, based on the issue of the bonus. Okay. Because that oral argument, one of the judges pointed out, it could not have, the ruling of the bankruptcy court couldn't have been that there was nothing entitled because she gave him a bonus. So there is a claim. Where did the judge point that out? What transcript are you looking at where a judge in the BAP pointed that out? Do I have that? That's my question. The transcript of the BAP decision? You keep pointing to a transcript, or referring to a transcript. Do you want to give me the site so I can? I don't have it with me, Your Honor. All right. I mean, the only transcript I have is the transcript of the bankruptcy court. Bankruptcy court. That's all we got. And the bankruptcy court didn't say anything about bonuses. I apologize. I mean, the question presented to the bankruptcy court was, do I have a surviving claim for contract. And the court made an express, factual determination that notice of termination of non-renewal had been given, and as a matter of state contract law, there was no contract. Therefore, no claim for severance could be made under the contract. That's how I read the transcript. And I apologize. I don't know why you don't have the transcript of the BAP. But the bottom line is, if that's were the case, then she wouldn't have given him the same provision of survival. But to me, that's not the same thing, because bonus meant something different. Severance included as a component of computing it a look at what the prior bonuses had been. Now maybe he got a gift that he wasn't entitled to, but that does not undermine the bankruptcy court's express ruling that the contract did not survive. And there's nothing in that transcript that I read that talks about claims that somehow survived the termination or non-renewal of the contract. That's the problem I'm having with your argument. And the BAP pretty clearly didn't rule on it in its written order, and I'm not sure that even if it got mentioned at oral arguments. A lot of things get mentioned at oral argument. That doesn't mean that if it's not included in the order, it's implicitly ruled on. I mean, the BAP basically started and stopped with you applied the wrong standard, right? And that you should go and apply due process and do it right, which is exactly what we're asking. So do you agree with opposing counsel that the standard that the bankruptcy court actually applied, reasonableness, is an easier standard for the claimant to meet than actual and necessary? We don't believe that she applied really any standard. Okay, fine. Let's just assume that the bankruptcy judge meant what she said when she said it wasn't reasonable, okay, and that reasonableness is the standard that she applied. Is that an easier standard to meet than the administrative claim standard or a harder standard to meet? Depending on the judge, Your Honor. Oh, come on. And I've been doing this for almost 30 years. No, I mean, technically speaking. Okay, I'm just talking about the law, okay? I'm not talking about the whimsy. It's wordsmithing here. And I think that this judge used actual and necessary. She used reasonableness. She was all over in her decision and her arguments. So yes, technically it could, but it's depending on how a person wants to use the words. So yes and no. And I'm not trying to be difficult. So I guess where I'm going on this is if the bankruptcy court applied the wrong standard, but it was an easier standard than the one that was the correct standard, why isn't the legal error harmless? Because she did not, the decision on the contract, Your Honor, if she had gone through and done an evidentiary hearing, she would have seen that there was a survival provision in the contract. So it goes back to this contract question? Yes. Okay. All right. That's the answer. Okay. I think we understand your argument. Thank you. Okay. Do you have anything further? I'm just trying to think, Your Honor. It is important, I think, if Your Honor has read the transcript, to say that she had found his services to be actual and necessary and that he had actually, the reason why all the creditors were paid in full was because of his actions during the time that he led that company. So on that basis alone, I think it should be considered. Thank you so much. I have one more question, Counsel. Yes. Your brief, the red brief at 1516 quotes 503C2 and says a severance payment to an insider of a debtor may be disallowed. Isn't the law that it shall be disallowed? I don't believe so, Your Honor. And I think that the . . . I'm quoting the statute, Counsel. I understand, Your Honor. And I'm concerned that your brief misquotes the statute. Oh, then I don't have that quote in front of me. But the BAP actually distinguishes why that entire standard doesn't apply in this situation. Yes, but I'm concerned that your brief may misquote the law. May be disallowed versus shall be. There shall neither be allowed nor paid. It's pretty clear language. It doesn't allow for any discretion on the part of the court, as your brief said. That's the concern we have. I apologize. I don't have it in front of me. You might want to check it. It is a direct . . . I will check it. Unless we're seriously misreading it, it's concerning, Counsel. I'm sorry. Thank you for pointing that out. Okay. Thank you very much. Your Honor, I'll address two points that were raised. One is the concept that it would be impossible to award a bonus without also awarding severance. I should be getting bifocal soon. Excerpts of records. 1592, up from the excerpts. This is page 76 of the bankruptcy court transcript. Hang on a second. And what is that? Page 76, sorry? It's page 76 of the transcript. It's excerpts of record 1592. But what do I find there? This is the bankruptcy court discussing why she decided to award a bonus, even though she found there was no agreement. Oh. And it's a perfectly reasonable . . . I didn't agree with it, of course. I was opposing it. But it's a perfectly reasonable distinction. She found that that was what they had been paid all along. They were continuing, and they were not doing anything different. Under the circumstances, she found that they had a reasonable expectation they would get the bonus. Because they stayed on. Because they stayed on. That's the quantum Marowitz standard. She was distinguishing between one set of reasonable expectations, you'll continue to get your bonus, and another set of not reasonable expectations, you'll get a giant severance package. If the BAP had made an implied reversal of that, that would, I think, be an error. It's a factual finding of the bankruptcy court. It is supported by evidence in the record. It's completely appropriate. And it would not have been appropriate for the BAP to have overruled it if they had done so. I think as your Honors have sussed out, they were not intending to impliedly why you would back into overruling the bankruptcy court by going to the 503 standard I don't think is a reasonable reading of the ruling. As far as there were some comments that she found that their services were actually necessary, I think that is a stretch to interpret the bankruptcy court's comments. She made various comments that they did stay on and do their job and that it was helpful to the process. But that's an entirely different. Well, she spends a lot of time saying they didn't offer any evidence to meet their burden. In essence, a failure of a prima facie case to show entitlement for their claim. And she addresses the point specifically in the transcript. I don't have the words in front of me right this second, but I think her words are something to the effect of whether you want to call this an administrative claim or an unsecured claim, you have the burden of making a prima facie case, and I have nothing before me. I do not find it to be reasonable that you would expect severance. I am finding no contract, no quantum merit, no severance. Well, if she had said it that crisply, we probably wouldn't be here. But thank you. Thank you. I appreciate it. Thank you, Counselor. The case just argued is submitted, and we are adjourned for the day.
judges: Tallman, Christen, Kennelly